IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MIGUEL A. COLON-COLON,

Plaintiff,

v.                                                          CASE NO. 14-1300 (GAG)

JOSE R. NEGRON-FERNANDEZ, ET AL.,

Defendants.

## OPINION AND ORDER

The Commonwealth of Puerto Rico, representing Defendant Negrón-Fernández in his individual and official capacity as Secretary of Department of Corrections of Puerto Rico, asks the Court to reconsider its order at Docket No. 168 requiring Defendant Negrón-Fernández to pay the remaining $10,000 of a $50,000 settlement. (Docket No. 169). The Commonwealth argues that PROMESA's Title III stay precludes Plaintiff from collecting against Defendant Negrón-Fernández in his individual capacity because the Commonwealth assumed his representation and indemnification under Law 9. P.R. LAWS ANN., tit. 32, § 3085. For the reasons discussed below, the Commonwealth's motion for reconsideration is **DENIED**. Defendant Negrón-Fernández is ordered to pay the remaining amount of the settlement.

I.  **Relevant Factual and Procedural Background**

Plaintiff Miguel Colón-Colón sued José Aponte-Caro, in his official capacity as acting Secretary of the Department of Corrections of Puerto Rico; José R. Negrón-Fernández, in his individual and official capacity as Secretary of the Department of Corrections of Puerto Rico; Dr. Alina Pradere, in her individual and official capacity as former Director of Clinical Services for the Bayamón Correctional Facility; Wanda Montañez, the Superintendent of the Bayamón Correctional Facility; Gladys S. Quiles-Santiago, the Medical Director of the Bayamón Health Clinical Services Facility; and Correctional Health Services Corp., a non-profit corporation. Plaintiff brings claims under the Eighth Amendment to the U.S. Constitution and

Article 1802 of the Puerto Rico Civil Code seeking compensatory damages and prospective injunctive relief. (Docket No. 64 at 3, 7).

The Commonwealth assumed Defendants Aponte-Caro and Negrón-Fernández's representation under Law 9. (Docket No. 80). Dr. Pradere, the other official sued in her personal capacity, was never served with the complaint. (Docket No. 38). Montañez was served and defaulted. (Docket No. 63). Finally, Quiles-Santiago and Correctional Health Services Corporation were represented by the same counsel. (Docket Nos. 81, 87). Hence, the only government official sued in his individual capacity that the Commonwealth represented was Defendant Negrón-Fernández.

After almost three years, Plaintiff settled his claims. On March 30, 2017, Plaintiff informed the Court that he had "accepted the $50,000.00 settlement offer tendered by the defendants." (Docket No. 139 at 1). He did not inform how Defendants split the amount or other settlement terms. On April 19, the Court ordered Defendants to pay $50,000.00 within ninety days "as per the settlement terms." (Docket No. 144).

Two weeks later, on May 3, 2017, Puerto Rico's Financial Oversight Board filed a petition on behalf of Puerto Rico under Title III of PROMESA.

After the Commonwealth filed for Title III protection, on May 31, Defendants Correctional Health Services, Corp. and Quiles-Santiago deposited $40,000, and stated in their motion that the Commonwealth had agreed to pay the remaining $10,000. (Docket No. 157 at 1-2). The Commonwealth did not object to this statement, but months passed and it did not deposit the remaining $10,000.

On September 1, more than a month after the ninety-day period to deposit the settlement amount elapsed, the Commonwealth filed a "Notice of Procedures for Filing Motions for Relief from the Automatic Stay in the Commonwealth of Puerto Rico's Title III Case" ("Notice"). The Notice informed that the Commonwealth had filed a Title III petition under PROMESA, which operates as an automatic stay of actions against the Commonwealth. (Docket No. 165 at 1-2). It also informed the Court of the case management procedures under Title III and the steps to seek relief from the automatic stay. Id. at 2-3. In this Notice, the Commonwealth requested that the Court "take notice of the above and the Amended Case

Management Procedures herein attached." Id. at 3. In response, the Court issued an order stating "noted." (Docket No. 166).

More months elapsed and the Commonwealth did not deposit the $10,000. On February 13, 2018, Plaintiff moved to order *the Commonwealth*, which assumed Defendant Negrón-Fernández's representation, to pay the remaining $10,000 of settlement proceeds within thirty days. (Docket No. 167). The Court granted his request and ordered *Defendant* to deposit the remaining sum by March 13, 2018. (Docket No. 168). Refusing to pay, the Commonwealth moved for reconsideration, arguing that PROMESA's automatic stay precluded recovery. (Docket No. 169).

**II.   Discussion**

The Commonwealth, on behalf of Defendant Negrón-Fernández, argues that PROMESA's stay precludes Plaintiff from compelling payment of the $10,000 owed to him under a settlement agreement. The argument consists of two parts. First, the Commonwealth argues that Plaintiff waived his arguments against the stay's application because he failed to object to the Notice at Docket No. 165. Second, the Commonwealth argues that PROMESA's automatic stay applies to the settlement at issue because the Commonwealth promised to indemnify Defendant Negrón-Fernández under Law 9. The Court disagrees.

A.   Waiver

The first issue is whether Plaintiff had to object to the Commonwealth's Notice of Procedures informing that the Commonwealth had filed a Title III petition, which triggered an automatic stay. The Commonwealth argues that Plaintiff failed to respond and therefore waived his arguments against the stay's application. But Plaintiff counters that he did not have to respond to the Notice because it was merely informative and the Commonwealth did not request any response or affirmative action. Indeed, the Notice only informed the Court that the Commonwealth had filed a Title III petition, which operates as an automatic stay of actions against the Commonwealth. (Docket No. 165 at 1-2). It also informed the Court of the case management procedures under Title III and the steps to seek relief from the automatic stay. Id. at 2-3. But the Notice did not state that, or explain why, PROMESA's stay applies to this case. It did not request the Court to extend the stay to this case, or even to agree with the Commonwealth that the stay

applied automatically to this case. All the Commonwealth asked was for the Court to "take notice of the above," which the Court did. (Docket No. 165 at 3). Hence, Plaintiff did not waive any arguments or objections because there was nothing he could clearly object to.

    B.  PROMESA Stay

Having determined that Plaintiff did not waive his arguments against PROMESA's stay, the issue becomes whether the stay applies to his effort to enforce a settlement agreement against a government official sued in his individual capacity, even though the Commonwealth has agreed to represent and indemnify that official under Law 9. The Court holds that it can order Defendant Negrón-Fernández to pay in his personal capacity as his indemnification agreement under Law 9 is between him and the Commonwealth, not Plaintiff and the Commonwealth.

Enacted in June 2016, PROMESA is a bankruptcy-like statute that seeks to address the fiscal crisis in Puerto Rico. See generally Peaje Inv. LLC v. García-Padilla, 845 F.3d 505, 509 (1st Cir. 2017) (discussing the statute's purpose). It enables a Financial Oversight Board to seek a voluntary, in-court, debt restructuring mechanism ("Title III"), which is modeled on debt reorganization principles for municipalities set forth in Chapter 9 of the Bankruptcy Code. 48 U.S.C. §§ 2161, 2164. A Title III petition triggers an automatic stay on actions to enforce a claim against the debtor, which is the Commonwealth of Puerto Rico. See § 2161 (incorporating by reference 11 U.S.C. § 922 (automatic stay for certain claims against a municipal debt) and 11 U.S.C. § 362 (automatic stay for voluntary and involuntary restructurings)). The Board filed a Title III petition on May 3, 2017, triggering the automatic stay under section 2161. In re Commonwealth of Puerto Rico, No. 17-3283 (LTS) (D.P.R. May 3, 2017).

The stay, however, does not apply to individual capacity claims brought against Commonwealth government officials, even when the Commonwealth represents and promises to indemnify these officials under Puerto Rico Law 9. See Guadalupe-Baez v. Pesquera, 269 F. Supp. 3d 1, 3 (D.P.R. 2017). Law 9 provides that a Commonwealth official who is sued for damages in his personal capacity "may request the Commonwealth of Puerto Rico to provide him with legal representation, and to subsequently assume the payment of any judgment that may be entered against his person." P.R. LAWS ANN., tit. 32, § 3085. Upon

such request, Puerto Rico's Attorney General "shall determine in which cases the Commonwealth shall assume legal representation." Id. § 3087. And subsequently, "determine whether it is in order to pay the full judgment imposed" on the Commonwealth employee or ex-employee. Id.; see Ayuso Figueroa v. Rivera Gonzalez, 229 F.R.D. 41, 42 (D.P.R. 2005) (discussing process for application of legal representation under Law 9). If the Attorney General refuses to represent the employee, Plaintiff's claim continues against the Commonwealth employee in his personal capacity. And even if it agrees to represent the employee, assuming representation does not turn the Commonwealth into a party. Ortiz-Feliciano v. Toledo-Davila, 175 F.3d 37, 40 (1st Cir. 1999). Hence, the Court has held that this "discretion to defend and indemnify personal capacity claims," as well as the fact that doing so does not make the Commonwealth a party, "means that personal capacity claims do not 'seek to enforce a claim against the Debtor' under PROMESA's stay provisions." Guadalupe-Baez, 269 F. Supp. 3d at 3.

Although the Court held in Guadalupe-Baez that personal capacity claims covered by Law 9 were not stayed under PROMESA, the issue here is slightly different. The Court in Guadalupe-Baez answered whether PROMESA's stay impeded a plaintiff from *suing* the Police Superintendent in his individual capacity for civil rights violations if the Commonwealth agreed to represent him. Here the issue is whether PROMESA's stay impeded a plaintiff from *enforcing* a settlement agreement in an individual capacity claim when the Commonwealth has promised to indemnify the government official. Essentially, the Commonwealth argues that since it agreed to defend and indemnify Defendant Negrón-Fernández under Law 9, an effort to collect against him is an effort to collect against the Commonwealth. And too bad for Plaintiff, the Commonwealth suggests, because claims against the Commonwealth are stayed under PROMESA.

Regardless of the difference between this case and Guadalupe-Baez, the result is the same: Law 9 does not turn the Commonwealth into a party, and therefore a debtor under PROMESA. The Commonwealth does not become a plaintiff's debtor when it agrees to represent and indemnify a government official under Law 9 and the plaintiff prevails. Instead, the Commonwealth becomes the government official's debtor. That is the case here. The Commonwealth agreed to represent and indemnify

Defendant Negrón-Fernández. The Commonwealth, representing Defendant Negrón-Fernández, settled this case with Plaintiff. Now, Plaintiff can recover from Defendant Negrón-Fernández in his personal capacity, and Defendant Negrón-Fernández can ask the Commonwealth to indemnify him per their agreement under Law 9. As Plaintiff states, "if and when the Commonwealth ultimately indemnifies defendant Negrón-Fernández, provided that the plaintiffs are able to collect from him, is an entirely unrelated, and collateral matter between defendant and the Commonwealth." (Docket No. 181 at 14).

The Eleventh Amendment also compels the conclusion that Law 9 protection does not turn the Commonwealth into Plaintiff's debtor for purposes of the stay, but rather Defendant Negrón-Fernández's. The Eleventh Amendment prohibits suits against the states unless they waive their "sovereign immunity," and applies to the Commonwealth of Puerto Rico. See Puerto Rico Aqueduct and Sewer Authority v. Mercalf & Eddy, Inc., 506 U.S. 139 n.1 (1993). The First Circuit has held that "providing legal aid to another is not a consent to be sued" under the Eleventh Amendment. Ortiz-Feliciano v. Toledo-Davila, 175 F.3d 37, 40 (1st Cir. 1999). If the Commonwealth is not sued when it represents a government official under Law 9, then it is not liable for any awards or settlements to the prevailing plaintiff. Indeed, as the Supreme Court held in Kentucky v. Graham, "an award of damages against an official in his personal capacity *can be executed only against the official's personal assets*." 473 U.S. 159, 166 (1985) (emphasis added). The prevailing plaintiff wins "*against the individual defendant*, rather than against the entity that employs him." Id. 167-68 (emphasis added).

The Court agrees with the Commonwealth that it cannot order the Commonwealth to pay for the settlement. The Eleventh Amendment would not allow it because it bars "such an action in federal court absent waiver," and "[t]he indemnification provisions of Puerto Rico law certainly do not comprise such a waiver." Ortiz-Feliciano v. Toledo-Davila, 175 F.3d 37, 40 (1st Cir. 1999) ("[E]ven if the [Commonwealth] *agreed* to indemnify [Defendants], the Eleventh Amendment would still bar a claim by the plaintiffs against the Commonwealth in federal court."). However, the Court did not order the Commonwealth to pay; it ordered "Defendant." (Docket No. 168). But it did so despite granting the motion requesting to order "the Commonwealth" to deposit the $10,000, which may appear contradictory. (Docket

**Civil No. 14-1300**

No. 167). To avoid confusion, the Court hereby clarifies that it orders Defendant Negrón-Fernández to deposit the funds—not the Commonwealth. However, the Commonwealth may do so on his behalf per their agreement under Law 9.

The undersigned acknowledges and disagrees with his esteemed colleague Judge William Young. In Ruiz-Colon v. Rodriguez Elias, Judge Young refused to lift PROMESA's automatic stay in a suit brought against government officials in their personal capacity. No. 17-2223 at 14 (D.P.R. April 30, 2018). Because the Commonwealth assumed defendants' legal representation under Law 9, it "may still bear the costs of litigation according to Puerto Rico law." Id. at 12. Hence, Judge Young concluded that "[t]hese are the types of suits contemplated by PROMESA that require an automatic stay." Id. Moreover, as a matter of public policy, allowing the case to go forward and allowing plaintiffs to recover from defendants in their individual capacities could seriously hurt the Commonwealth. According to Judge Young, it could "depriv[e] these Defendants of what they have every reason to expect—the services of counsel at public expense," in turn weakening the Commonwealth's "recruitment and retention." Id. at 13.

First, the Court disagrees that PROMESA contemplated the stay of suits against government officials in their personal capacity, much less the enforcement of settlements against these officials entered before Title III. As discussed above, the "debtor" in a case between a plaintiff and a government official sued in his personal capacity is the government official. If the Commonwealth opts to represent the government official under Law 9, the Commonwealth is a "debtor" of the government official, not the plaintiff. Even if the practical arrangement has been for the Commonwealth to pay the plaintiff directly on the government official's behalf, the practical arrangement does not change the underlying structure. The party indebted to the plaintiff is the government official, not the Commonwealth representing the government official.

Second, the Court understands the public policy concern regarding recruitment, but will not second-guess the Commonwealth's public policy decisions. Here, the Commonwealth settled the case five weeks before filing the Title III petition. Unless the left hand did not know what the right hand was doing, the Court has a hard time believing that the Commonwealth did not settle this case knowing that it would file

a Title III petition shortly after. The Commonwealth chose not to pay Plaintiff on Defendant Negrón-Fernández's behalf before the stay came into effect. As a result, unless the Commonwealth pays, Defendant Negrón-Fernández is personally liable to Plaintiff, and must wait in line to recover his agreed-upon indemnification from the Commonwealth. Whatever effect this may have on the Commonwealth's recruitment efforts is a matter for the Commonwealth to consider when agreeing to represent officials under Law 9 and settling on their behalf—not the Court.

**SO ORDERED.**

In San Juan, Puerto Rico this 14th day of May, 2018.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge